UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTRELL VONICQUE BROWN,

          Plaintiff,

v.

AMERICAN CIVIL LIBERTIES
UNION PRISON PROJECT
WASHINGTON D.C., et al.,

          Defendants.
_____/

Case No. 1:22-cv-1107

Honorable Phillip J. Green

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The action was originally filed in the United States District Court for the Northern District of New York but was transferred to this Court on venue grounds. (ECF No. 7.) Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 4.) Plaintiff, however, has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Because of this, the Court will direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Alternatively, Plaintiff may pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Plaintiff must either

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status

show cause or pay the fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to either show cause or pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

---

under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Brown v. State of Michigan et al.*, No. 2:20-cv-13402 (E.D. Mich. Feb. 26, 2021) (frivolous); *Brown v. Totten et al.*, No. 1:20-cv-755 (W.D. Mich. Aug. 10, 2020) (frivolous); *Brown v. Just Detention Internat'l et al.*, No. 1:20-cv-469 (W.D. Mich. Aug. 10, 2020) (frivolous). Plaintiff also has been denied leave to proceed *in forma pauperis* under the three-

3

strikes rule on at least three prior occasion. *Brown v. State of Michigan et al.*, No. 1:21-cv-849 (W.D. Mich. Dec. 2, 2021); *Brown v. State of Michigan et al.*, No. 1:21-cv-541 (W.D. Mich. Jan. 11, 2022); *Brown v. State of Michigan et al.*, No. 5:21-cv-10531 (E.D. Mich. Sept. 15, 2021).

Moreover, it does not appear that Plaintiff's allegations fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a

4

prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Muskegon County, Michigan. Plaintiff sues the American Civil Liberties Union Prison Project Washington D.C., the "New York Chapter," the "Michigan Chapter," and Deborah LaBelle. Plaintiff's complaint, however, simply consists of his beliefs that these organizations have failed to treat his HIV/AIDS since 2007, and that they have breached their "contracts" and "principles" to do so. (ECF No. 1, PageID.2–3.) Plaintiff claims that Defendants are "Jewish white Christian nationalist[s]" that have collaborated with a "universal army of similarly situated pervasively racist corrupt nonprofits to blacklist this Plaintiff from enjoying access to equal" benefits, services, treatment, opportunities, etc. (*Id.*, PageID.3.) According to Plaintiff, Defendants have conspired with federal judges, governors of Michigan, United States Attorneys, and others to keep this "crime against humanity" covered up. (*Id.*, PageID.4–5.) Plaintiff's instant complaint merely consists of the conspiracy theories that characterize his past complaints. He simply does not suggest that he was in imminent danger of serious physical injury at the time he initiated this action.

In light of such, it appears that § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. The Court will, however, direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* in this action even

5

though he has accrued "three "strikes" under § 1915(g).  Plaintiff has twenty-eight (28) days from the date of entry of this opinion and accompanying order to show cause.  Alternatively, Plaintiff may pay the civil action filing fees, which total $402.00, within that time.  When Plaintiff either pays the filing fees or sufficiently demonstrates cause to proceed *in forma pauperis*, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff does not show cause or pay the filing fees within the 28-day period, Plaintiff will be denied leave to proceed *in forma pauperis* and this case will be dismissed without prejudice.


Dated:   November 30, 2022               /s/ Phillip J. Green
                                                                          PHILLIP J. GREEN
                                                                          United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**